UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AMERISOURCE FUNDING, INC., | § |
| | § |
| Plaintiff, | § |
| v. | § CIVIL ACTION NO. H-09-2829 |
| | § |
| DIANE M. COLTON SKIBA, et al., | § |
| | § |
| Defendants. | § |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Amerisource Funding, Inc.'s Motion for Remand (Doc. No. 4). Considering the parties' filings and the applicable law, the Court finds that the Motion should be granted.

### I.   BACKGROUND

#### A.   Factual Background

This case is founded on two written agreements. The first is a Purchase and Sale Agreement (the "PSA") between Plaintiff and Capitol Payroll & Benefits, Inc. ("CP&B"), whereby CP&B agrees to offer certain of its client accounts for sale to Plaintiff. The second agreement is a Continuing Guaranty & Waiver (the "Guaranty"), whereby Diane M. Colton Skiba ("Skiba"), and a number of the companies owned by Skiba, guarantee the performance of CP&B under the PSA. Both of these agreements contain forum selection clauses. In July of 2009, Plaintiff filed suit against Skiba, individually; Capitol Payroll & Benefits, Inc.; The Capitol Group, Inc.; The Capitol Group-Cpro, Inc.; Capitol Professional Services, Inc.; Capitol Payroll Advantage, Inc.; 1st Advantage Payroll, Inc.; Absolute Administration, Inc.; Capitol Professional Staffing, Inc.; and Capitol Professional Employers, Inc. ("Defendants" collectively), alleging

1

breach of contract, conversion, fraud, and violations of the Texas Theft and Liability Act, and seeking foreclosure of its liens against Defendants' assets under the Uniform Commercial Code and the Texas Business and Commerce Code. Plaintiff filed in the 55th Judicial District of Harris County, Texas. Defendants then timely removed the case to this Court on the basis of complete diversity of citizenship. Plaintiff now moves to remand.

### B. Standard for Removal

The remand statute, 28 U.S.C. § 1441(a), provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). The party that seeks removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). The court must strictly construe the removal statutes in favor of remand and against removal. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

## II. THE FORUM SELECTION CLAUSES

Plaintiff's sole basis for seeking to remand is its contention that Defendants "waived any and all objections to jurisdiction or venue" through the forum selection clauses contained in the PSA and the Guaranty. More specifically, Plaintiff avers that the forum selection clauses require this case to be litigated in the forum of Plaintiff's

choosing, that is, the state court where Plaintiff originally filed suit. Defendants advance two arguments against remand: first, they argue that Plaintiff has named Defendants who are not parties to either agreement, and who are therefore in no way bound by the forum selection clauses; and second, that forum selection clauses relinquish a party's right to remove only when the contractual provision waives objections to both jurisdiction and venue. Because the Guaranty does not waive objections as to venue, argues Defendants, the Guaranty signatories' right to remove this case has been preserved.

The PSA provides that any action or suit arising out of breach of the PSA "shall, if [Plaintiff] so elects, be instituted in any court sitting in the State of Texas (the 'Acceptable Forums')" and that each party "submits to the jurisdiction of the acceptable forums" and "waives any and all objections to jurisdiction or venue it may have." (Pl. Mot. Ex. 2.) The parties do not dispute that this constitutes a valid waiver by CP&B of the right to remove. The Guaranty provides that undersigned parties agree that any dispute arising under the PSA or the Guaranty "may be adjudged or determined in any court or courts chosen by [Plaintiff]" if that court has proper jurisdiction over the matter, and that the undersigned parties "submit generally and unconditionally to the jurisdiction of any such court so elected by [Plaintiff]. . . ." (Pl. Mot. Ex. 3.) Whether this language constitutes a waiver of the right of removal is now in dispute.

### A. Waiver of Right of Removal

For a contractual clause to prevent a party from exercising its right of removal, the clause must give a "clear and unequivocal" waiver of that right. *City of New Orleans v. Municipal Administrative Services, Inc.*, 76 F.3d 501, 504 (5th Cir. 2004). A party may waive its right of removal "by stating that it is doing so, by allowing the other party the

3

right to choose venue, or by establishing an exclusive venue within the contract." *Id.* In determining whether the right of removal has been waived, it is not necessary for a forum selection clause to use the words "venue" or "forum"; however, the clause must do more than establish that a particular forum will have jurisdiction. *Id.* Defendants argue that the Guaranty, unlike the PSA, contains of a waiver of objection not to venue, but only to jurisdiction. This Court finds this argument unavailing.

In *City of New Orleans*, the court, in finding that the contractual clause at issue did not constitute a waiver of the right of removal, explicitly distinguished those contractual clauses that demonstrate consent only to the jurisdiction of a particular forum, from those that "give one party the exclusive right to choose the forum of any proceedings." *Id.* at 505. The latter does in fact defeat the right of removal. *See City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13 (5th Cir. 1991) (finding that a contractual clause allowing a policyholder to chose the forum in which any dispute would be heard defeated an insurer's right to remove the case to federal court); *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001) (noting that a party to a contract may waive a right of removal if the contract makes clear that the other party has the right to choose the forum in which any dispute will be heard). Moreover, this distinction does not turn on the use of the words "jurisdiction, venue, or forum," but rather on whether the contractual clause "plainly" gives one party the right to chose the court in which the suit would proceed. *City of New Orleans*, 76 F.3d at 505.

This Court finds that that, in this case, both the PSA and the Guaranty unequivocally grant Plaintiff the right to choose the forum in which to try its case. While the Guaranty does not specifically use the term "venue," the provisions provide that the

4

signatories "irrevocably agree" that a dispute arising out of the PSA or Guaranty "may be adjudged or determined in any court or courts chosen by [Plaintiff], including, without limitation, any court or courts having jurisdiction over [Defendants] . . . all at the sole election of [Plaintiff]." As in *City of Rose*, the Guaranty unambiguously grants Plaintiff the right to choose the court in which a suit will proceed. Consequently, allowing Defendants to remove the case to federal court would significantly undermine, if not completely disregard, this forum selection clause. This Court therefore finds and holds that both the PSA and Guaranty contain waivers of the right of removal.

### B.      Parties Not Subject to the Contract

Defendants rightly point out that Plaintiff sues two parties that are signatories to neither the PSA nor the Guaranty, and who therefore cannot be bound by the forum selection clauses of those agreements: The Capital Group-CPRO, Inc. and The Capital Group, Inc. Under the rule of unanimity, in order for a notice of removal to be properly before a district court, all defendants in the action must either join or file written consent to the removal. *See, e.g., Doe v. Kerwood*, 969 F.2d 165, 166 (5th Cir. 1992). Because, as explained above, most of the named Defendants in this case could not legally consent to removal because they waived that right under the PSA or the Guaranty, none of the Defendants, whether parties to the contract or not, can properly remove to this Court.

Moreover, in this case, Defendants acknowledge that one of these named parties, The Capital Group-CPRO, Inc., does not exist at all. As such, the Court will not consider a non-existing entity's lack of acquiescence to a forum selection clause in deciding whether to enforce such a clause. Similarly, The Capital Group, Inc. does not exist. As Defendants point out, The Capital Group is an unincorporated association and trade name

5

that Skiba uses as an umbrella term for the operation of all of her companies. Thus, The Capital Group is an identifier for a group of organizations, all of which did sign the PSA or the Guaranty. That Skiba has chosen to create several distinct trade names to operate her business does not excuse her from the contractual obligations that she willfully and lawfully assumed. Therefore, this Court finds that that the two non-existent entities incorrectly named in Plaintiff's Complaint do not defeat the forum selection clause to which all existent Defendants agreed.

### III. ATTORNEY'S FEES

Plaintiff also seeks, under 28 U.S.C. Section 1447(c), attorneys' fees incurred as a result of the removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, (U.S. 2005). As discussed above, the Fifth Circuit does distinguish between venue and jurisdiction in evaluating forum selection clauses. Although the Court found that the agreement at issue plainly allows Plaintiff to choose the forum in which to bring its case, the Court also recognizes that the distinction between venue and jurisdiction is not so immediately obvious such that Defendants' decision to remove was objectively unreasonable. Furthermore, that Plaintiff mistakenly named two entities that are signatories to neither the PSA nor the Guaranty further suggests that an award of attorneys' fees would be inappropriate in this case. Therefore, this Court denies Plaintiff's request for attorneys' fees.

### IV. CONCLUSION

Plaintiffs' Motion for Remand (Doc. No. 4) is **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** this 17th day of November, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE